## IN THE UNITES STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN DALESSANDRO**<br>73 Everett Drive<br>Newtown, PA 18940<br>                   **Plaintiff,**<br>      vs.<br>**NATIONAL RAILROAD PASSENGER**<br>**CORPORATION d/b/a AMTRAK**<br>1 Massachusetts Ave. NW<br>Washington, D.C. 20001<br><br>                   **Defendant.** | **NO.**<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT—FELA

### PARTIES AND JURISDICTION

1. Plaintiff, Ryan Dalessandro, is an individual and a citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

2. Defendant, National Railroad Passenger Corporation ("Amtrak") is a corporation that regularly conducts business in the state of Pennsylvania under the name Amtrak. Amtrak engages in the business of rail transport in furtherance of interstate commerce. It has a principle office at the above-captioned address.

3. The claims herein against Defendant, Amtrak, arise under the act of Congress, April 22, 1908, C. 149, 35 stat. 65 and amendments thereto, U.S.C.A. Title 45, Section 51 et seq., and further amended by the Act of Congress and approved by the President of the United States on August 11, 1939, Chapter 685 First Section of the 76th Congress known and cited as the "Federal Employers Liability Act" ("FELA").

4. All of the acts alleged to have been done, or not to have been done by the Defendant,

Amtrak, were done, or not done, by its agents, servants, workmen and/or employees, acting in the course and scope of their employment for and on behalf of Defendant, Amtrak, and in furtherance of interstate commerce.

5. At all times material hereto, Plaintiff Ryan Dalessandro was employed by Defendant, Amtrak, and was acting within the course and scope of his employment for and on behalf of Defendant, Amtrak.

6. At all times material hereto, Defendant, Amtrak, acted and/or failed to act by and through its duly authorized agents, servants, employees, and/or workmen, who in turn were acting within the course and scope of their employment and in furtherance of Defendant's business and interstate commerce.

7. All of the property, equipment and operations involved in Plaintiff's injuries were owned and/or under the direct and exclusive control of Defendant Amtrak, its agents, servants, workmen and/or employees.

## OPERATIVE FACTS

8. Plaintiff incorporates by reference the allegations contained in all previous paragraphs as if fully set forth at length herein.

9. On or about March 18th, 2019, Mr. Dalessandro, while working for AMTRAK, assigned to Sunnyside Yard, Queens, New York, was on the Catenary Inspection and Maintenance Car, or "Cat Car", attempting to remove rivets with a high-powered drill provided by Defendant AMTRAK.

10. While doing so, the drill jammed, recoiled, and rotated into Plaintiff's right hand.

11. The drill Plaintiff was given to use for this assignment was defective and lacked adequate safety features, including a handle and clutch which would have prevented or limited reactionary torque in a bind-up situation as occurred in this incident.

12. As a result of the aforesaid incident, Plaintiff suffered injuries including, *inter alia*, a foreshortened right finger metacarpal fracture, two pressure ulcers along the right ring and small fingers, limited flexibility and use of his right hand, and additional various injuries, all requiring significant medical treatment including diagnostic studies, equipment consisting of a molded cast, sling, and brace, and physical therapy.

## COUNT I: FELA NEGLIGENCE
## RYAN DALESSANDRO v. AMTRAK

13. Plaintiff incorporates by reference the allegations contained in all previous paragraphs as if fully set forth at length herein.

14. The aforesaid incident was caused by the negligence and carelessness of the Defendant, acting by and through its agents, servants, workmen, and/or employees and was due in no way to any negligence or carelessness on the part of Plaintiff.

15. The negligence and carelessness of Defendant Amtrak, by and through its agents, servants, workmen and/or employees, all of whom were acting within the scope of their employment consisted of the following:

    a. Failure to provide Plaintiff with a safe workplace as required by the Federal Employer's Liability Act, Title 45, U.S.C. Section 51-60;

    b. Failure to comply with the safety rules and regulations of Amtrak;

    c. Failure to adopt proper protocol, procedures, policies, safety rules, operating rules, and/or regulations to ensure a reasonably safe workplace;

    d. Failure to implement proper protocol, procedures, policies, safety rules, operating rules, and/or regulations to ensure a reasonably safe workplace;

   e. Failure to identify the requisite problem and solution before assigning Plaintiff to perform the task;

   f. Failure to complete a job briefing prior to assigning the task;

   g. Failure to appropriately monitor the work site/ monitor that the proper tools for tasks were being utilized;

   h. Failure to exercise reasonable care under the circumstances;

   i. Permitting a dangerous condition to exist;

   j. Failure to inspect the premises for hazardous conditions;

   k. Failure to properly train and supervise Plaintiff on how to perform this particular job;

   l. Failure to supply the proper equipment to be used for the job at hand; and

   m. Being otherwise negligent in law or fact.

16. As a direct and proximate result of the negligence and carelessness of Defendant Plaintiff suffered, *inter alia*, the injuries listed in paragraph 10 above, all to his great physical, emotional and financial detriment and loss.

17. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was forced to pay various sums of money in efforts to treat his injuries, all to his great financial detriment and loss. Further, these medical expenses will likely accrue in the future, causing Plaintiff great financial detriment and loss.

18. As a further direct and proximate result of the negligence and carelessness of Defendant Amtrak, Plaintiff suffered physical and mental pain and suffering, emotional distress, and loss of enjoyment of life, all to his great embarrassment, detriment and loss. These aforementioned losses will continue to accrue in the future.

19. As a result of the aforementioned negligence, Plaintiff has missed significant time from work and is likely to continue to be limited in his ability to work the overtime hours in the

capacity to which he is accustomed. As such, the relief sought by Plaintiff includes past and future wages as well as lost earning capacity.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant AMTRAK, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus interest, costs, and any other amount that this Honorable Court deems fit to award.

Respectfully submitted,

/s/ John J. Coyle

**McELDREW YOUNG PURTELL MERRITT**
John J. Coyle, Esquire
  Attorney ID No.: 312084
James J. McEldrew, Esquire
  Attorney ID No.: 36411
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jcoyle@mceldrewyoung.com
jim@mceldrewyoung.com

Date:   March, 16th, 2022